UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ,<br>　　　　Plaintiff,<br>　　v.<br>CLARK E. DUCART, et al.,<br>　　　　Defendants. | Case No. 14-cv-04650-JD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 28 |

Plaintiff Armando Hernandez, a former state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Defendants filed a motion to dismiss citing the statute of limitations, failure to state a claim, failure to comply with California's Government Claims Act, and Eleventh Amendment immunity. Hernandez was paroled shortly after filing the complaint and has not filed an opposition to the motion to dismiss or otherwise communicated with the Court since April 29, 2015. The Court has looked to the merits of the motion and it is granted.

**I.　　BACKGROUND**

Hernandez's claims arise from his 2009 placement in the security housing unit ("SHU") on the basis of his association with the Mexican Mafia prison gang. The case continues against 16 defendants on various federal and state law claims. Hernandez argues that he was placed and maintained in the SHU without due process of law, when he was not a gang member, because of his association with members of a specific racial group, and in retaliation for assaults, free speech, and jailhouse legal activities. Hernandez was initially placed in segregated housing on October 22, 2009, and was formally validated as an associate of the Mexican Mafia on November 19, 2009. He also alleges constitutional violations when defendants subsequently kept him in the SHU in the years after the gang validation. When this case was filed on October 5, 2014, he was

1  still in the SHU.  He has since been paroled from state prison.

2  **II.      LEGAL STANDARD**

3        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal
4  sufficiency of the claims alleged in the complaint.  *Ileto v. Glock*, *Inc.*, 349 F.3d 1191, 1199-1200
5  (9th Cir. 2003).  All allegations of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S.
6  89, 94 (2007).  However, legally conclusory statements, not supported by actual factual
7  allegations, need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are
8  not bound to accept as true "a legal conclusion couched as a factual allegation").  "A plaintiff's
9  obligation to provide the grounds of his entitle[ment] to relief requires more than labels and
10 conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell*
11 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation
12 marks omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief
13 above the speculative level."  *Id*.

14 **III.     ANALYSIS**

15     **A.      Statute of Limitations**

16       Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of
17 limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 265 (1985); *Jones v.*
18 *Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  The statute of limitations for civil actions filed in
19 California is two years, as set forth at California Civil Procedure Code section 335.1, which is the
20 applicable statute in § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).
21 The federal court also applies the forum state's law regarding tolling, including equitable tolling,
22 when not in conflict with federal law.  *Hardin v. Straub*, 490 U.S. 536, 537-39 (1989); *Fink v.*
23 *Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  California provides that the applicable limitations
24 period is tolled for two years on grounds of "disability" when a litigant is incarcerated.  Cal. Code
25 Civ. P. § 352.1(a).  This tolling provision operates to delay the running of the limitations period.
26 *Carlson v. Blatt*, 87 Cal. App. 4th 646, 650 (2001) (imprisonment tolls running of limitations
27 period for two years from accrual of cause of action); *Johnson v. State of California*, 207 F.3d
28

650, 654 (9th Cir. 2000).[1]

It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. The applicable statute of limitations period is tolled while the prisoner completes the mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

Hernandez was validated as a gang member on November 19, 2009. He had four years, until November 19, 2013, to file his complaint in this Court. This action filed on October 5, 2014, is nearly one year late. The claims arising out of the gang validation procedure are untimely. Hernandez also states in the complaint that two defendants confiscated property that was used in the gang validation process. This allegedly occurred on October 27 and November 12, 2009, and therefore these claims are also untimely. Similarly, an allegation that a defendant interviewed him on March 4, 2010, is also untimely. To the extent that Hernandez could be entitled to tolling, he has not opposed this motion or raised any such arguments. Therefore, all claims arising from events that occurred before October 5, 2010, are dismissed with prejudice.[2]

**B.   State Law Claims**

Defendants also move to dismiss Hernandez's state law claims because he did not plead compliance with the California Torts Claims Act ("GCA") and documents obtained from the Victim's Compensation and Government Claims Board demonstrate that Hernandez has not filed a claim.[3]

The GCA requires that a party seeking to recover money damages from a public entity or

---

[1] The two years of tolling is for prisoners serving less than a life term. Cal. Civ. Proc. Code § 352.1(a)
[2] Plaintiff's claims for money damages against defendants in their official capacities are dismissed pursuant to the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
[3] The Court takes judicial notice of the document from the Victim's Compensation and Government Claims Board provided by defendants.

3

1  its employees must submit a claim to the entity before filing suit in court, generally no later than
2  six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2; *see also*
3  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007) ("Before suing a public entity, the
4  plaintiff must present a timely written claim . . ."). "The legislature's intent to require the
5  presentation of claims before suit is filed could not be clearer." *City of Stockton v. Super. Ct.*, 42
6  Cal. 4th 730, 746 (2007) ("The purpose of providing public entities with sufficient information to
7  investigate claims without the expense of litigation is not served if the entity must file a responsive
8  pleading alerting its opponent to the claim requirements."). Timely claim presentation is not
9  merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action.
10 *Shirk*, 42 Cal. 4th at 209. Thus, when a plaintiff asserts a claim subject to the GCA, he must
11 affirmatively allege compliance with the claim presentation procedure, or circumstances excusing
12 such compliance, in his complaint. *Id*. The requirement that a plaintiff asserting claims subject to
13 the GCA must affirmatively allege compliance with the claims filing requirement applies in
14 federal court as well. *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 627 (9th Cir.
15 1988).

16 Hernandez has not demonstrated compliance with the GCA, and defendants have shown
17 that no claim was ever filed. The state law claims are dismissed from this action.

18 **C.    Leave to Amend**

19 Defendants also argue that there are only bald assertions and legal conclusions against
20 several defendants. This argument is well taken. The complaint identifies 16 defendants, and in
21 many occasions there are only a few brief allegations connecting the individual defendant to the
22 alleged constitutional deprivation. Several of the defendants work in the state prison executive
23 offices in Sacramento and do not appear to have had any contact with Hernandez. It appears that
24 Hernandez has named them because they denied an appeal or are in a supervisory position. All of
25 these claims are dismissed for failure to state a claim. Because Hernandez failed to oppose the
26 motion to dismiss to rebut this argument, and due to the complicated nature of the complaint in
27 that there are numerous claims against 16 defendants and it is not always clear which claim is
28 attributed to which defendant, the complaint is dismissed. Hernandez may file an amended

4

complaint. He must identify the specific actions of each defendant and describe how they violated his constitutional rights. Legally conclusory statements not supported by actual factual allegations need not be accepted. *See Iqbal*, 556 U.S. at 678-79. "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544 at 555 (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

"In a § 1983 or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, at 677.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim - and, more specifically, on the state of mind required by the particular claim - not on a generally applicable concept of supervisory liability. *Oregon State University Student Alliance v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

In addition, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

The amended complaint must be filed within twenty-eight (28) days of service of this order. Failure to file an amended complaint will result in dismissal of this action. The complaint should only address federal claims arising after October 5, 2010.

IV. **CONCLUSION**

1. The motion to dismiss (Docket No. 28) is **GRANTED** as discussed above.

2. The complaint is **DISMISSED** with leave to amend as set forth above. The

amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO HERNANDEZ,

    Plaintiff,

    v.

CLARK E. DUCART, et al.,

    Defendants.

Case No. 14-cv-04650-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armando Hernandez
2757 Emerald Lane
Lancaster, CA 93535

Dated: November 17, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO